**FILED**
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Augusta, Georgia
*By jpayton at 3:15 pm, Aug 03, 2012*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>11-12567</u> |
| HUGO DIAZ | ) | |
| Debtor | ) | |
| | ) | |

## OPINION AND ORDER

Before the Court is a motion to waive the personal financial management course requirement filed by Hugo Diaz ("Debtor"). Debtor is incarcerated and avers he "lacks the necessary telephone or internet to complete the counseling requirement." For the following reasons, Debtor's motion is denied.

Pursuant to 11 U.S.C. §727(a)(11), a discharge cannot be granted unless a debtor completes a course in personal financial management prior to discharge. 11 U.S.C. §727(a)(11). Section 727(a)(11) sets forth two exceptions to this requirement:

> (11) after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111, <u>except that this paragraph shall not apply with respect to a debtor who is a person described in section 109(h)(4)</u> or who resides in a district for which the United States trustee . . . determines that the approved instructional courses are not adequate to service the additional individuals who would otherwise be

>  required to complete such instructional courses under this section.

11 U.S.C. §727(a)(11)(emphasis added). Debtor avers he is "a person described in section 109(h)(4)" and therefore entitled to waive the requirement of completion of the personal financial management course prior to discharge.

Section 109(h)(4) states that the requirements to take the credit counseling:

> shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

11 U.S.C. §109(h)(4). Debtor alleges he is entitled to waiver because of "incapacity" and "disability" due to his imprisonment.

Debtor recites the definition of "incapacity" as set forth in §109(h)(4) as one with a mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; however, Debtor does not allege any other facts or attached any evidence of Debtor's mental

2

state. Based upon the definition set forth in the statute, incarceration does not meet the definition of incapacity; therefore, Debtor is not entitled to waive the personal financial management course due to "incapacity." See In re Rendler, 368 B.R. 1, 2-3 (Bankr. D. Minn. 2007)(noting the three specific grounds for waiver as incapacity, disability and military duty and holding incarceration did not fall under the statutory grounds for waiver).

Debtor also alleges he is entitled to waiver due to "disability." "Disability" means "the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing." 11 U.S.C. §109(h)(4). Incarceration does not meet the definition of a "disability." As one court has explained:

> Being locked up may prevent [the debtor] from being able to take the approved financial management course, but that inability is not caused by physical impairment within the plain meaning of section 109(h)(4). . . if the word 'disability' meant inability to show up, it would have been unnecessary to add an exception for a person on 'active military duty in a military combat zone' because those words would merely describe a specific example of a situation manifesting the inability of a debtor to participate in a briefing or course and would therefore be redundant.

In re Goodwin, 2009 WL 6499330 at *1 (Bankr. N.D. Ga. March 12, 2009); see also In re Cox, 2007 WL 4355254 *2 (Bankr. M.D. Ga. Nov. 29, 2007); In re McBride, 354 B.R. 95, 99 (Bankr. D.S.C. 2006).

3

AO 72A
(Rev. 8/82)

Furthermore, this conclusion does not raise any due process concerns as:

> [B]ankruptcy is a civil-not criminal proceeding. Thus, the findings of those criminal cases affording extraordinary remedies to give a criminal litigant access to the Court and its processes are not applicable. There is no constitutional right in play here, and [the debtor] has no absolute right to appear telephonically. Where a court fashions alternative methods for a debtor to appear in extraordinary cases, it is a discretionary decision by that court as it exercises its inherent authority and its powers under §105. This authority is nearly always exercised in order to aid the classic 'honest but unfortunate debtor.'

In re Michael, 285 B.R. 553, 557-558 (Bankr. S.D. Ga. 2002)(not allowing incarcerated debtor to attend the §341 meeting telephonically).

Because Debtor has not shown he is incapacitated nor disabled within the meaning of 11 U.S.C. §109(h), his motion to waive the requirement of completing a course in personal financial management is ORDERED DENIED.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 3rd Day of August 2012.